IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TONI WARDEN,

        Plaintiff,

vs.

DIRECTV, LLC
& MASTEC, INC.

        Defendants.

No. 13-CV-01101-MV-LAM

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant MasTec, Inc.'s ("MasTec") Amended Motion to Dismiss [Doc. 16] and Plaintiff's Motion to Strike or in the Alternative Response to Defendant Mastec, Inc's Motion to Dismiss [Doc. 26]. The Court, having considered the Motions, briefs, relevant law, and being otherwise fully informed, finds that the Defendant's Motion is well-taken and will be **GRANTED** and that Plaintiff's Motion is not well-taken and will be **DENIED**.

### BACKGROUND

The Motions at bar center on Plaintiff's alleged failure properly to serve Defendant MasTec; consequently, a deliberate recitation of the procedural history of this case is warranted. Plaintiff Toni Warden commenced the instant civil suit on February 28, 2013 in the Third Judicial District Court in Doña Ana County, New Mexico. *See* Doc. 1 at 1. Approximately nine months later, on November 13, 2013, Defendant DirecTV, LLC ("DirecTV") removed the entire action to this Court upon learning for the first time that the amount-in-controversy exceeded

1

seventy-five thousand dollars, which completed the requirements for federal diversity jurisdiction. *See id.* at 3-5. *See also* 28 U.S.C. §§ 1332, 1441. Plaintiff apparently did not object to Defendant DirecTV's removal of the suit, as Warden did not file a motion to remand the case to New Mexico state court. In fact, Plaintiff took no action *at all* in this case for several months.

Then, on March 28, 2014, Magistrate Judge Lynch entered an Order to Show Cause [Doc. 4], explaining that "the record reflects that Mastec, Inc. has not been served" and demanding that Plaintiff either "effect service or provide the Court with a written explanation" for the delay on or before April 28, 2014. *See generally* Doc. 4. After it had become apparent that Plaintiff had flouted the Court's order, Magistrate Judge Lynch ordered on May 2, 2014 that Plaintiff's attorney appear at a hearing to be held on May 7, 2014 and explain why counsel should not be held in contempt for failure to comply with the Court's Order to Show Cause. *See generally* Doc. 5. At the rescheduled hearing on May 9, 2014, "Plaintiff's counsel apologized for not responding to the initial order to show cause and stated that he was trying to obtain an affidavit from the process server" and added that "Mastec was served in October 2013 when the case was still in state court." Doc. 8 at 1.

Against this backdrop, Defendant MasTec filed a Motion to Dismiss [Doc. 11], which it amended on May 21, 2014. *See generally* Doc. 16. Co-defendant DirecTV timely responded on June 9, 2014, solely to preserve its right to seek relief from MasTec in the future if it so elected. *See* Doc. 21. A week later, on June 16, 2014, MasTec filed a reply reaffirming its position, and a notice indicating that briefing on the Motion to Dismiss had been completed. *See generally* Docs. 23, 24. Approximately two weeks later, on July 1, 2014, Plaintiff filed an untimely response to the Amended Motion to Dismiss, captioned as "Plaintiffs [sic] Motion to Strike or in

the Alternative Response to Defendant Mastec, Inc.'s Motion to Dismiss." *See* Doc. 26 at 1. Both DirecTV and MasTec timely replied to this response [Docs. 27, 28] and, after more than a month of silence from Plaintiff, MasTec filed a notice on September 4, 2014 that briefing had been completed [Doc. 29].

## DISCUSSION

### I. Local Rule 7.1(b) and Failure Timely to Respond

As a threshold matter, the Court must address Plaintiff's failure timely to respond to MasTec's Amended Motion to Dismiss. Defendant filed and served its Amended Motion on May 21, 2014; the very latest that a response could have been timely filed under the applicable local rules was June 9, 2014. *See* Fed. R. Civ. P. 5, 6; D.N.M.LR-CIV.7.4(a). Plaintiff neglected to respond until July 1, 2014, some three weeks after the time in which to respond had lapsed. *See generally* Doc. 26. It appears that Plaintiff has attempted to circumvent this obstacle by styling its response principally as a Motion to Strike and studiously avoiding any mention of its unexcused delay. This Court is not so easily confused. Warden's filing, whatever creative appellation the author may invoke, plainly responds MasTec's motion and makes no mention of any legal authority pertaining to motions to strike. *See generally* Doc. 26.

Local rule 7.1(b) unambiguously states that "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-CIV.7.1(b). However, as this Court has explained before, it is well-established that, despite the avowed rigidity of the rule, the Court must engage with the merits of a motion to dismiss if it is to grant it. *Cf. Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and

determine whether the plaintiff has stated a claim upon which relief can be granted."); *Tapia v. City of Albuquerque*, No. CIV 13–0206 JB/GBW, 2014 WL 1285647, at *54 (D.N.M. Mar. 31, 2014) ("although the local rules provide that a party's failure to respond to a motion for summary judgment or to a motion to dismiss for failure to state a claim is deemed consent to the Court granting the motion, the Court will nonetheless rule on such motions, and generally does not grant dispositive motions on procedural defaults alone."). Consequently, the Court will merely disregard Plaintiff's untimely Response, though, as will become apparent below, nothing Warden has proffered would alter the outcome. The Court adds that it is confirmed in its decision by the manifest contempt that Plaintiff has shown for this Court and its orders; Plaintiff has repeatedly ignored the Court's deadlines and, moreover, has taken virtually no steps to prosecute this action beyond filing suit in state court.

Additionally, the Court agrees with Defendant that, to the extent that Plaintiff's Response may be considered a Motion to Strike, it "omits recitation of a good-faith request for concurrence" and therefore "may be summarily denied." D.N.M.LR-CIV.7.1(b).

**II.    Motion to Dismiss for Insufficient Process and Service of Process**

When a defendant challenges the sufficiency of process pursuant to Federal Rules of Civil Procedure 12(b)(4) & (5), the "plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants." *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). *See also Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) ("When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.") (internal quotation marks omitted). In evaluating whether Plaintiff has met her burden, the Court may examine materials outside of the

complaint, including "affidavits and other documentary evidence." *Fisher*, 531 F. Supp. 2d at 1260. *See also Koulkina v. City of New York*, 559 F. Supp. 2d 300, 311 (S.D.N.Y. 2008) ("[I]n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency [of service] of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction.") (alternations original) (internal quotation marks omitted); *Thomas v. Kaven*, 765 F.3d 1183, 1197 (10th Cir. 2014) ("A district court may consider documents (1) referenced in a complaint that are (2) central to a plaintiff's claims, and (3) indisputably authentic when resolving a motion to dismiss without converting the motion to one for summary judgment."). Consequently, affidavits and matters in the public record are both properly before the Court.

With respect to the merits, where, as here, the civil action begins in state court, the rules governing state service of process determine whether service was perfected prior to removal. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("federal courts in removed cases look to the law of the forum state, in this case Kansas, to determine whether service of process was perfected prior to removal."); *Brown v. K-MAC Enter.*, 897 F. Supp. 2d 1098, 1106 (N.D. Okla. 2012) ("Plaintiff served [Defendant] … prior to removal to federal court. Therefore, the Court must look to state law to determine if service was proper."). *Cf. Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006) (assuming, without discussion, that New York state law applied to issues of service of process). However, if service has not been effected prior to removal, it must be completed in conformity with federal law once the action is before a federal court. *See* 28 U.S.C. § 1448 ("In all cases removed from any State court … in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same

manner as in cases originally filed in such district court."). *See also* Fed. R. Civ. P. 81 (providing that federal procedural rules apply *after* removal). Thus, the issue before the court is whether proper service was made under either New Mexico or federal law.

**III.     Plaintiff Did not Properly Serve Defendant MasTec in State Court**

To begin, neither the April 2013 nor the August 2013 attempt to serve process on MasTec was properly executed. First, evidence of neither attempt appears in the documents transmitted by the state court upon removal. *See generally* Doc. 2. Second, there is no indication of service on the publicly-available state court docket. Third, when DirecTV removed the case to this Court and indicated that "Mastec has not been served and therefore did not need to consent" to removal [Doc. 1 at 4], Plaintiff did not object. Indeed, Plaintiff did not claim that it had properly served MasTec until the hearing on the Court's Order to Show Cause, approximately six months later. *See generally* Doc. 8. Further, at that hearing counsel alleged that it served process on MasTec "in October 2013," which runs counter to the position Plaintiff would not have the Court entertain. *Id.* Stated succinctly, based on the documents properly before the Court, including documents in the public record, the Court agrees with Magistrate Judge Lynch that there is "no indication of service on Mastec, Inc." Doc. 8 at 1. Therefore, Plaintiff cannot meet her burden of demonstrating that any service was completed prior to removal.

As an aside, the Court notes, without holding, that if MasTec had, in fact, been properly served in state court, then the removal petition would not have been consented to by each of the Defendants and the Court would be forced to remand the instant action to state court. *See, e.g.*, *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1172-73 (D.N.M. 2007) ("The failure of one defendant to join in the notice renders the removal notice procedurally defective, which

requires that the district court remand the case.") (citing *Cornwall v. Robinson*, 654 F.2d 685, 686 (10th Cir. 1981)).

Before the Court continues any farther, however, it is obligated to express its profound concern at what it perceives to be a potential manipulation of the facts in MasTec's Response to Plaintiff's Motion to Strike [Doc. 27].  Attached to this document is an affidavit from Ellen Widom from "MasTec, Inc.'s legal department" who swore on July 14, 2014 that "Juella Montagno CORPSERV COMP is not MasTec, Inc.'s registered agent."  *Id.*  While this appears to be true in some deprecated, literal sense, records from the Florida Secretary of State's website make clear that MasTec changed its registered agent from the Corporation Service Company to Corporate Creations Network, Inc. on July 9, 2014 and then reverted back to the Corporation Service Company on July 15, 2014.  Plainly, "[s]omething is rotten in the state of Denmark." *Hamlet* (1.5.100).  If the Court is correct that Defendant engineered facts in a maladroit effort to mislead the Court through the studied use of the present tense, then the Court condemns this conduct in the strongest possible terms.  Any such attempt at deception is rankly unethical and rightly the subject of unqualified opprobrium.  Given the posture of this case, the Court's estimation of what has transpired is not material to the disposition of the instant Motions and, of course, the Court hopes that it is mistaken in its impression, but it could not let this matter pass without comment.

**IV.   Plaintiff Did not Properly Serve Defendant MasTec in Federal Court**

It is similarly apparent that Plaintiff has not perfected service of process while the action has been pending before this Court.  First, Plaintiff took no action in this case whatsoever following removal of the suit despite DirecTV's indication that it believed MasTec had not been served and was therefore not a party to the case.  *See generally* Doc. 1.  Second, even after

learning on March 28, 2014, that the Court believed that service had not been completed, Plaintiff took no action either to inform the Court otherwise or to effect service promptly thereafter. Instead, she waited to proffer her thoroughly unconvincing excuse until she was faced with the threat of contempt. Not only does Warden's undisputed failure to take any action in this case demonstrate conclusively that she did not complete service pursuant to the federal rules, but also it reinforces the conclusion that she similarly failed to complete service while the case was pending before the New Mexico state court. That is, had Plaintiff, in fact, properly served MasTec in state court, it appears certain that she would have moved for a default judgment at some point during those six months of silence; her failure to do so speaks volumes.

## CONCLUSION

Notwithstanding whatever duplicity may reside beneath the surface of MasTec's Response to the Motion to Strike, it is apparent from the materials properly before the Court that Warden cannot adequately demonstrate that she has properly completed service, either under New Mexico or federal law. It is telling that DirecTV, a defendant apparently without interest in the dispute between MasTec and Warden, was the first in the case to comment that there was no indication that MasTec had been served.

The Court recognizes that, in the end, this may be a case in which an attorney's chronically negligent prosecution of the case has resulted in some measure of harm to the plaintiff, but even this Court's ample lenity and patience must, at some point, be exhausted. Plaintiff has been presented with manifold and myriad opportunities to resolve this issue on more favorable terms, but has simply declined to do so. Indeed, the Court notes that given the length of the delays in this case, the Court could have dismissed for failure to prosecute the action, absent a demonstration of good cause to the contrary. D.N.M.LR-CIV.41.1. Instead, it offered

Plaintiff an opportunity to cure the perceived defect or explain where the Court had erred, but Plaintiff again squandered the Court's accommodation.  Given Plaintiff's ample opportunity to cure the defects in this case and her inexcusable delay in responding to MasTec's Motion, the Court now finds without hesitation that dismissal of the Complaint as to MasTec is justified.

**IT IS THEREFORE ORDERED** that Defendant MasTec's Amended Motion to Dismiss [Doc. 16] is **GRANTED** and Plaintiff's Motion to Strike or in the Alternative Response to Defendant Mastec, Inc's Motion to Dismiss [Doc. 26] is **DENIED.**  This dismissal shall not prejudice any claim DirecTV may have against MasTec.

Dated this 23rd  day of March, 2015.

**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE